## Charles L. Wood, Plaintiff in Error, v. Minnie N. Foster, Defendant in Error.

### Gen. No. 21,071. (Not to be reported in full.

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 21, 1915.

## Statement of the Case.

Action by Charles L. Wood, plaintiff, against Minnie N. Foster, defendant, in the Municipal Court of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Chicago, to recover the amount of a broker's commission for negotiating the sale of certain real estate. To reverse a judgment for defendant, plaintiff prosecutes this writ of error.

This case has been tried twice. On the first trial the court directed the jury to return a verdict in favor of the defendant, Minnie N. Foster, which they did, and judgment was entered on the verdict against the plaintiff. On June 24, 1913, this court reversed said judgment and remanded the cause on the ground that the trial court erred in directing a verdict for the defendant. (*Wood v. Foster,* 181 Ill. App. 409.) When the case came on for trial the second time the defendant withdrew her request for a jury trial, and the case was tried before the court upon the same evidence as was introduced at the first trial. It was stipulated that the transcript of the record and the printed abstract thereof filed in this court on the former appeal be introduced in evidence without objections or exceptions by either party. The court found the issues against the plaintiff and on October 2, 1914, entered judgment against the plaintiff for costs. The issues made by the pleadings and the evidence in the case are sufficiently stated in the former opinion of this court.

E. F. MASTERSON, for plaintiff in error.

M. F. GALLAGHER, for defendant in error; E. B. WILKINSON, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 88*—*when evidence sufficient to sustain verdict in action for commissions.* In an action to recover the amount of a broker's commission for negotiating the sale of certain real estate, judgment against plaintiff *held* not manifestly against the weight of evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. MUNICIPAL COURT OF CHICAGO, § 17a*—*when propositions presented properly refused.* Propositions submitted to be held by the trial court, marked "propositions of law and fact," but which are neither propositions of law nor propositions of fact but mixed propositions of law and fact, are properly refused.